IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY D. CULP, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3197 |
| | ) | |
| V. | ) | |
| | ) | |
| ARCHER-DANIELS-MIDLANDS | ) | **MEMORANDUM AND ORDER** |
| COMPANY, a Delaware | ) | |
| Corporation, and JACOBS FIELD | ) | |
| SERVICES NORTH AMERICAN, | ) | |
| INC., a Texas Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendant Archer-Daniels-Midlands Company's ("ADM") motion for summary judgment (filing 18). The question before the court is whether ADM is considered Plaintiff's "statutory employer" under Neb. Rev. Stat § 48-116 of the Nebraska Workers' Compensation Act. *See* Neb. Rev. Stat § 48-101, *et seq.*.. For the reasons set forth below, the court concludes that ADM is not Plaintiff's statutory employer. Accordingly, ADM's motion for summary judgment is denied.

## I.    Background

The following facts are undisputed.

This suit, in which Plaintiff is seeking recovery against ADM under theories of tort liability, including strict liability, negligence and res ispa loquitor, arises out of injuries Plaintiff allegedly sustained while working at ADM's agricultural processing facility.  (Filing 1.)  On February 26, 2008, Plaintiff was employed by

Jacobs Field Services North America, Inc. ("Jacobs") and was assigned to work on a project at ADM's agricultural facility located in Platte County, Nebraska. (Filing 23, Br. Supp. Def.'s Mot. Summ. J. at CM/ECF p. 2-3; Filing 25, Br. Opp'n Def.'s Mot. Summ. J. at CM/ECF p. 3.)   At the time Plaintiff sustained his alleged injuries, Jacobs and ADM were parties to a "Contractor's Agreement" pursuant to which Jacobs, acting as an independent contractor, performed certain industrial services which required Jacobs' employees to enter upon ADM's property.[1]   (*Id.*)   The Contractor's Agreement, executed between ADM and Jacobs on April 30, 2003, included an insurance provision which required Jacobs to maintain workers' compensation insurance to cover injuries occurring on ADM's premises.   The insurance provision provided:

IX.   INSURANCE

During the progress of the work and while any of the employees of CONTRACTOR [Jacobs] or its subcontractors remain at the site, CONTRACTOR shall maintain the following types and amounts of insurance, and shall furnish OWNER [ADM] with its certificates and the certificates of its subcontractors therefore prior to commencement or continuation of any work at the site.

A.   Worker's Compensation Insurance . . . for all CONTRACTOR'S employees employed in connection with the contract, work order and/or purchase order as may be required by the state in which the work is to be performed.   This insurance shall include borrowed servant or alternate employer endorsement stating that an action brought against OWNER by an employee of CONTRACTOR under theory of "Borrowed Servant or "Alternate employer" will be treated as a claim against CONTRACTOR . . .

---

[1] At the time the contract was entered into, Jacobs was known as JE Merit Constructors, Inc.. Jacobs changed its name following the execution of the contract. (Filing 23, Br. Supp. Def.'s Mot. Summ. J. at CM/ECF p. 3; Filing 25, Br. Opp'n Def.'s Mot. Summ. J. at CM/ECF p. 3.)

(Filing 20, Ex. 4.)

On the same day that ADM and Jacobs entered into the Contractor's Agreement, they also executed an "Insurance Addendum to Contractor's Agreement" (referred to herein as "Addendum"). The Addendum mandated that Jacobs participate in an Owner Controlled Insurance Program ("OCIP"). The Addendum provided the following:

> OWNER and CONTRACTOR entered into this Insurance Addendum to Contractor's Agreement as of the 30 day of April, 2003. In consideration of the work orders, purchase orders, agreements and covenants entered into and to be entered into concerning work be done and service to be provided to OWNER and other good and valuable consideration, the receipt and sufficiency whereof are hereby acknowledged, the parties agree as follows:
>
> 1.    To secure Workers Compensation including Employers Liability insurance and Comprehensive Commercial General Liability insurance for CONTRACTOR'S on premises work at ADM in a cost effective manner, CONTRACTOR shall participate in the OCIP program identified and described in Addendum Exhibit 1. CONTRACTOR accepts and shall strictly adhere to all provisions of the OCIP program as stated in Addendum Exhibit 1, including but not limited to the safety and loss prevention guidelines and reporting requirements. CONTRACTOR understands and agrees that the coverages afforded to CONTRACTOR by participation in the OCIP program are those coverages, terms, conditions and exclusions described in the applicable policy forms. CONTRACTOR has reviewed the applicable policy forms with its insurance agent and legal counsel and is not basing its decision to participate in the OCIP program upon any representation, summary or statement by OWNER or its agents.
>
> 2.    For CONTRACTOR'S on premises work at ADM, CONTRACTOR'S participation in the OCIP program shall satisfy

3

>CONTRACTOR'S duties and obligations set forth at Section IX A., B. and D. of the Contractor's Agreement and at Section IX J., K. and L. of the Contractor's Agreement to the extent said paragraphs refer and relate to the purchase of Commercial General Liability insurance and Workers Compensation including Employer's Liability insurance . . .

(Filing 24, Ex. 5.)

Pursuant to the terms of the Addendum executed between ADM and Jacobs, at the time Plaintiff sustained his alleged injuries, ADM and Jacobs[2] were both insured under a workers' compensation policy issued by Zurich North America ("Zurich"). (Filing 23, Br. Supp. Def.'s Mot. Summ. J. at CM/ECF p. 6; Filing 25, Br. Opp'n Def.'s Mot. Summ. J. at CM/ECF p. 2.) Zurich has paid disability benefits to Plaintiff and has paid medical benefits to certain health care providers for medical care related to Plaintiff's alleged injuries. (*Id.*)

## II.   Analysis

### A.   Summary Judgment

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary

---

[2] It appears that at the time of Plaintiff's accident, Jacobs was also the owner of a workers' compensation policy issued by Ace American Insurance Company, which provided coverage for Jacobs' Nebraska employees. (Filing 26, Att. 1.)

judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (*quoting Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## B.    Statutory Employer

ADM argues that it is Plaintiff's statutory employer pursuant to Neb. Rev. Stat. § 48-116 and, therefore, it is subject to the terms of the Nebraska Workers' Compensation Act. According to ADM, because it is Plaintiff's statutory employer, Plaintiff's exclusive remedy against it falls under the Nebraska Workers' Compensation Act. Nebraska law is clear that the Nebraska Workers' Compensation Court has exclusive jurisdiction in actions arising under the Workers' Compensation Act. *Abbott v. Gould, Inc.,* 232 Neb. 907, 909, 443 N.W.2d 591, 593 (1989). *See also Jones v. Rossback Coal Co.*, 130 Neb. 302, 304, 264 N.W. 877, 878 (1936) ("It is the universal rule that, where employer and employee are operating under the Workmen's Compensation Law, and the employee suffers injury by reason of an accident, arising out of and in the course of his employment, he must look exclusively to the Compensation Act for his remedy."). As such, ADM is correct in its contention that if it is found to be Plaintiff's statutory employer, this action must be dismissed because this court would lack jurisdiction.

5

Section 48-116 of the Nebraska Workers' Compensation Act provides:

> Any person, firm or corporation creating or carrying into operation any scheme, artifice, or device to enable him or her, them, or it to execute work without being responsible to the workers for the provisions of the Nebraska Workers' Compensation Act shall be included in the term employer, and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of such act. *This section, however, shall not be construed as applying to an owner who lets a contract to a contractor in good faith, or a contractor, who, in good faith, lets to a subcontractor a portion of his or her contract, if the owner or principal contractor, as the case may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance* from an insurance company licensed to write such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to the Nebraska Workers' Compensation Act to injured workers.

Neb. Rev. Stat. § 48-116 (emphasis added).   The Nebraska Supreme Court has concluded that an owner is the "employer" or "statutory employer" of an independent contractor's employee under Neb. Rev. Stat. § 48-116 when the owner does not require the independent contractor to procure workers' compensation insurance.  In *Rogers v. Hansen*, 211 Neb. 132, 136-37, 317 N.W.2d 905, 908 (1982), the Nebraska Supreme Court stated:

> [A]n owner who employs an independent contractor to do work which is in the usual course of business of the owner, and who fails to require the independent contractor to procure workmen's compensation insurance, is liable as a statutory employer under § 48-116 . . . Obviously, the work of a subcontractor is ordinarily within the usual course of business of the principal contractor, and we have specifically held that under the provisions of § 48-116, when a contractor fails to require a subcontractor to carry workmen's compensation insurance and an employee of the latter sustains a job-related injury, the contractor is

6

a statutory employer and, with the immediate employer subcontractor, is jointly and severally liable to pay compensation under the terms of the Workmen's Compensation Act.

*Id.* *See also Matthews v. G.A. Crancer Co.*, 117 Neb. 805, 223 N.W. 661 (1929) ("As we construe this section [Neb. Rev. Stat. § 48-116] the word 'employer', as used therein, does not include an owner who requires his contractor to take out compensation insurance, and neither does it include a contractor who sublets and requires his subcontractor to take out such insurance."); *Hiestand v. Ristau*, 135 Neb. 881, 284 N.W. 756 (1939) (finding that a general contractor who contracts with a subcontractor and who fails to require the subcontractor to procure workers' compensation insurance, is liable as a statutory employer).

Based on the preceding authorities, the key inquiry here is whether ADM required Jacobs to obtain workers' compensation insurance.  ADM claims that the Addendum to the Contractor's Agreement relieved Jacobs of its obligation to obtain such insurance and that it, not Jacobs, was responsible for providing workers' compensation insurance for Jacobs' employees.  Accordingly, ADM contends that it is Plaintiff's statutory employer and, as such, cannot be sued in tort.  Brown v. American Telephone & Telegraph Co., 252 Neb. 95, 98-99, 560 N.W.2d 482, 485 (1997) (citing Thompkins v. Raines, 247 Neb. 764, 530 N.W.2d 244 (1995)) ("The Nebraska Workers' Compensation Act is an employee's exclusive remedy against an employer for an injury arising out of and in the course of employment, and as such, payment of workers' compensation benefits relieves the employer of tort liability in connection with the accident.").  Conversely, Plaintiff argues that the Addendum simply set forth the manner in which Jacobs was to obtain workers' compensation insurance for on-site work and did not remove Jacobs' contractual obligation to be insured.  The court agrees with Plaintiff.

There is no doubt that Jacobs was required to obtain workers' compensation insurance under the terms of the Contractor's Agreement.  The dispute in this matter

involves the effect of the Addendum on the parties' contractual obligations.  The Addendum provides, in part, that Jacobs' participation in the OCIP satisfies Jacobs' duty to obtain insurance pursuant to the terms of the Contractor's Agreement. However, the Addendum also makes Jacobs' participation in the OCIP program mandatory.  This being the case, Jacobs was, in reality, obligated to be insured under the contractual arrangement between the parties.  Although ADM may have been paying for the insurance (this fact is not completely clear), it makes no difference, for purposes of assessing whether someone is a statutory employer, who is ultimately bearing the cost of such insurance.  *See Petznick v. United States*, 575 F. Supp. 698, 703 (D. Neb. 1983) (stating that Nebraska law does not recognize as a statutory employer one who ultimately bears the insurance costs).

Because ADM is not Plaintiff's statutory employer, it is considered a third-person subject to common-law liability pursuant to Neb. Rev. Stat. § 48-118.  This statute provides, in part, that "[n]othing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee or of his or her personal representative to bring suit against such third person in his or her own name or in the name of the personal representative based upon such liability . . ."  Neb. Rev. Stat. § 48-118.  Therefore, ADM's motion for summary judgment will be denied.

As an additional ground for summary judgment, ADM argues that Plaintiff has released all claims against ADM for his alleged injuries by accepting payment of workers' compensation benefits from Zurich.  In support of its argument, ADM cites Neb. Rev. Stat. § 48-148 which provides as follows:

> If an employee, or his or her dependents in case of death, of any *employer subject to the Nebraska Workers' Compensation Act* files any claim with, or accepts any payment from such *employer*, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the Nebraska Workers' Compensation Court under such act, such action shall constitute a

release to such *employer* of all claims or demands at law, if any, arising
from such injury.

Neb. Rev. Stat. § 48-148 (emphasis added).  It is undisputed that Plaintiff received
payments from Zurich under the workers' compensation policy which covered both
ADM and Jacobs.  However, the language of  Neb. Rev. Stat. § 48-148 is clear that
the statute only operates to release an employer from common law suit when the
employer pays, and the employee accepts, workers' compensation benefits.  Because
the court concludes that ADM is not Plaintiff's statutory employer, Neb. Rev. Stat.
§ 48-148 is inapplicable and does not preclude Plaintiff from recovering damages in
this suit.

For the reasons set forth above,

IT IS ORDERED that ADM's motion for summary judgment (filing 18) is
denied.

April 17, 2009.

BY THE COURT:
s/*Richard G. Kopf*
United States District Judge