IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY D. CULP, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3197 |
| | ) | |
| V. | ) | |
| | ) | |
| ARCHER-DANIELS-MIDLAND | ) | **MEMORANDUM AND ORDER** |
| COMPANY, a Delaware | ) | |
| Corporation, JACOBS FIELD | ) | |
| SERVICES NORTH AMERICA, | ) | |
| INC., a Texas Corporation, and | ) | |
| STAINLESS FABRICATION, INC., | ) | |
| a Missouri Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendant Archer-Daniels-Midlands Company's ("ADM") motion to amend and certify the court's April 17, 2009 memorandum and order for interlocutory review and to stay the proceeding pending appeal pursuant to 28 U.S.C. § 1292(b). (Filing 41.) For the reasons set forth below, ADM's motion will be denied.

## I.     Background

This suit, in which Plaintiff is seeking recovery against ADM under theories of tort liability, including strict liability, negligence and res ispa loquitor, arises out of injuries Plaintiff allegedly sustained while working at ADM's agricultural processing facility. (Filing 1.) At the time Plaintiff sustained his alleged injuries, he was employed by Jacobs Field Services North America, Inc. ("Jacobs"). Jacobs and ADM were parties to a "Contractor's Agreement" which included an insurance

provision which required Jacobs to maintain workers' compensation insurance to cover injuries occurring on ADM's premises. (Filing 20, Ex. 5.) ADM and Jacobs were also parties to an "Insurance Addendum to Contractor's Agreement" (referred to herein as "Addendum") which mandated that Jacobs participate in an Owner Controlled Insurance Program ("OCIP"). (Filing 24, Ex. 6.) The Addendum provided, in part, that Jacobs' participation in the OCIP program would satisfy Jacobs' obligation to maintain workers' compensation insurance as required by the Contractor's Agreement. (*Id.*)

On December 23, 2008, ADM filed a motion for summary judgment (filing 18). The question ADM presented to the court was whether ADM "is considered Plaintiff's statutory employer pursuant to Neb. Rev. Stat. § 48-116 and therefore, Plaintiff's exclusive remedy against ADM falls within the Nebraska Workers' Compensation Act." (Filing 19.) Specifically, ADM claimed that the Addendum to the Contractor's Agreement relieved Jacobs of its obligation to obtain such insurance and that it, not Jacobs, was responsible for providing workers' compensation insurance for Jacobs' employees. As such, according to ADM, it was Plaintiff's statutory employer and cannot be sued in tort. (*Id.*)

After reviewing Nebraska law, as well as law from other jurisdictions, the court concluded that ADM was not Plaintiff's statutory employer. (Filing 40.) The court reasoned that pursuant to Nebraska law, one becomes a statutory employer of an independent contractor's employee under Neb. Rev. Stat. § 48-116 when the owner does not require the independent contractor to maintain workers' compensation insurance. (*Id.*) This being the case, the court concluded that the "key inquiry" was whether ADM required Jacobs to maintain workers' compensation insurance. (*Id.*) After examining the Contractor's Agreement and the Addendum, the court found that ADM did, in fact, require Jacobs to maintain workers' compensation insurance. (*Id.*) The Addendum seemingly relieved Jacobs of its obligation to maintain such insurance. However, because participation in the OCIP program was mandatory,

Jacobs was still, in reality, contractually obligated to be insured.  (*Id.*)

In its current motion, ADM requests that the court certify the following question for interlocutory appeal:  "[w]hether an owner would be considered a Plaintiff's 'statutory employer' under Neb. Rev. Stat. § 48-116 of the Nebraska Workers' Compensation Act when a contractor or a subcontractor participates . .  in the owner's Owner-Controlled Insurance Program (OCIP)." (Filing 44.)  As set forth below, interlocutory review is inappropriate in this case.

## II.    Analysis

In determining whether a district court should certify that an interlocutory appeal is warranted pursuant to 28 U.S.C. § 28-1292(b), the court considers (1) whether the order involves a controlling question of law, (2) whether there is a substantial ground for a difference of opinion and (3) whether certification and an intermediate appeal would materially advance the ultimate termination of the litigation.  *See White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994).  Because it is the policy of the courts to discourage piece-meal appeals, "[p]ermission to allow interlocutory appeals should thus be granted sparingly and with discrimination."  *Control Data Corp. v. International Business Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970).  Therefore, the movant has a heavy burden in demonstrating that immediate appeal is warranted.  *See Bank of New York v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I. 1985).

Plaintiff appears to concede that the court's April 17, 2009 memorandum and order involves a controlling question of law and that certification would materially advance the termination of the litigation.[1]  Plaintiff contends, however, that ADM has

---

[1] Because the court finds that a substantial ground for a difference of opinion does not exist in this case, the court assumes, without deciding, that these elements have been satisfied.

not demonstrated that there is a substantial ground for a difference of opinion with respect to this issue.  I agree.

In rendering its decision, the court relied on Nebraska law finding that an owner or contractor is not a statutory employer for purposes of Neb. Rev. Stat. § 48-116 when it requires the subcontractor to maintain workers' compensation insurance. *Rogers v. Hansen*, 211 Neb. 132, 136-37, 317 N.W.2d 905, 908 (1982); *Matthews v. G.A. Crancer Co.*, 117 Neb. 805, 223 N.W. 661 (1929); *Hiestand v. Ristau*, 135 Neb. 881, 284 N.W. 756 (1939).  In order to demonstrate that a substantial ground for a difference of opinion exists, ADM must identify a sufficient number of opinions which conflict with or contradict the court's ruling.  *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994).  However, ADM has cited no decisional law or otherwise which is contrary to the court's April 17, 2009 memorandum and order or Nebraska law on this point.

ADM primarily relies on *Plock v. Crossroads Joint Venture*, 239 Neb. 211, 475 N.W.2d 105 (Neb. 1991) in support of its position that there exists a substantial ground for a difference of opinion.  However, *Plock* does not run contrary to the Nebraska case law which holds that an owner is not a statutory employer when it requires the subcontractor to maintain workers' compensation insurance.  Rather, *Plock* simply discusses the relationship between master and servant under Nebraska law.  *Plock* is not a conflicting or contradictory opinion justifying interlocutory review.  Further, even if *Plock* was tangentially related, the case certainly does not provide *substantial* grounds for a difference of opinion.

In support of its motion for interlocutory review, ADM also points to a few cases from other jurisdictions discussing the general benefits of OCIPs.  Again, however, these cases do not conflict with or contradict the court's ruling or Nebraska law.  Because ADM has failed to meet its burden in showing that there is a substantial ground for a difference of opinion with respect to this issue, certification for

4

interlocutory review is inappropriate.

IT IS ORDERED that ADM's motion to amend and certify the court's April 17, 2007 memorandum and order for interlocutory review and to stay the proceeding pending appeal (filing 41) is denied.

July 2, 2009.

BY THE COURT:
s/*Richard G. Kopf*
United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.